IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

 IN AND FOR NEW CASTLE COUNTY

 )
STATE OF DELAWARE )
 ) I.D. No. 0609001673
 v. )
 )
JOHN S. JANCOVIC )
 )
 Defendant )

 Submitted: October 20, 2014
 Decided: November 25, 2014

 On Defendant’s Motion for Postconviction Relief.
 SUMMARILY DISMISSED.

 ORDER
Gregory C. Strong, Esquire, Deputy Attorney General, Department of
Justice, Wilmington, Delaware, Attorney for the State

John S. Jancovic, Wilmington, Delaware, pro se

COOCH, R.J.

 This 25th, day of November, 2014, upon consideration of Defendant’s
First Motion for Postconviction Relief, it appears to the Court that:

 1. Defendant John S. Jancovic pled guilty in February 2007 of
 Burglary in the Second Degree. Defendant was then sentenced
 to four years at Level V, suspended after one year for six
 months at Level IV, followed by one year of probation at Level
 III or II at the Department of Correction’s discretion. 1

 2. Since his sentencing, Defendant has filed a number of Motions
 for Correction of Illegal Sentence pursuant to Rule 35. All of
 the motions have been denied.2

 3. Defendant filed the instant motion on October 7, 2014.
 Defendant asserts several grounds for relief in his motion, all of
 which are listed here in toto:

 a. “Effective Counseling – I never seen or talked to no attorney at no
 time before, during, or after my hearing.”
 b. “Unfair Justice – Nobody in court had no kind of paperwork on my
 case at all at first violation hearing! At trial never did have any
 counseling! Never got to speak at all.”
 c. “Wrongful Sentencing – Court hearing only 15 seconds long! Never
 had suppression hearing that I requested or appeal or a continuance.”
 d. “Appeal, continuance, suppression hearing, new counseling, fair trial –
 Judge was in a hurry! Never seen no court like it.” 3

 4. Defendant’s Motion for Postconviction Relief is controlled by
 the recently amended Superior Court Criminal Rule 61. 4 Under
 Superior Court Criminal Rule 61(i), a Motion for
 Postconviction Relief can be potentially procedurally barred for
 time limitations, successive motions, procedural defaults, and
 former adjudications.5 Before addressing the merits of this
 Motion for Postconviction Relief, the Court must address any
 procedural requirements of Rule 61(i).6

 5. Rule 61(i)(1) provides that a motion exceeds time limitations if
 it is filed more than one year after the conviction is finalized, or
1
 Sentence Order, Docket #12 (Feb. 13, 2007).
22
 See Docket #15, 18, and 20 (denying requests for modification of sentence).
3
 Def.’s Mot. for Postconviction Relief at 3. This Court finds it reasonable to assume that
by movant’s use of the term “effective counseling,” Defendant seeks to set forth a claim
of ineffective assistance of counsel, and will treat the claim as such.
4
 The most recent set of amendments to Super. Ct. Crim. R. 61 took effect on June 4,
2014.
5
 Super. Ct. Crim R. 61(i)(1)-(4).
6
 Younger v. State, 580 A.2d 552, 554 (Del. 1990).

 2
 if the motion asserts a newly recognized, retroactively applied
 right more than one year after it is first recognized. 7

 6. Rule 61(i)(2) provides that a motion is successive if it is the
 second or subsequent motion made under this Rule, and such
 successive motions are prohibited unless the pleading
 requirements of 61(d)(2)(i) or (ii) are met. 8

 7. Rule 61(i)(3) bars consideration any ground for relief “not
 asserted in the proceedings leading to the judgment of
 conviction,” unless the movant can show “cause for relief from
 the procedural default” and “prejudice from violation of the
 movant’s rights.”9

 8. Rule 61(i)(4) bars consideration of any ground for relief
 formerly adjudicated in the case, including “proceedings
 leading to the judgment of conviction, in an appeal, in a
 postconviction proceeding, or in a federal habeas corpus
 hearing.”10

 9. If any of the above procedural bars exist, the Court will not
 consider the merits of the claims unless the Defendant can show
 that the exception found in Rule 61(i)(5) applies. 11

 10. Rule 61(i)(5), as recently amended, provides that consideration
 of otherwise procedurally barred claims is limited to claims that
 the Court lacked jurisdiction, or claims that satisfy the new
 pleading standards set forth in 61(d)(2)(i) and (ii). 12 The new
 pleading standards require that the Motion either:

 (i) Pleads with particularity that new evidence
 exists that creates a strong inference that the

7
 Super. Ct. Crim. R. 61(i)(1).
8
 Super. Ct. Crim. R. 61(i)(2). For further discussion of the pleading standards articulated
in the newly amended Rule, see infra.
9
 Super. Ct. Crim. R. 61(i)(3).
10
 Super. Ct. Crim. R. 61(i)(4).
11
 Super. Ct. Crim. R. 61(i)(5).
12
 Id.

 3
 movant is actually innocent in fact of the acts
 underlying the charges of which he was
 convicted; or
 (ii) Pleads with particularity a claim that a new
 rule of constitutional law, made retroactive to
 cases on collateral review by the United States
 Supreme Court or the Delaware Supreme
 Court, applies to the movant’s case and
 renders the conviction . . . invalid.13

 11. This Court finds that all of Defendant’s claims are time-barred
 pursuant to Rule 61(i)(1) as Defendant’s motion was filed in
 2014, substantially more than one year after Defendant’s
 conviction was finalized.14 Defendant’s conviction was finalized
 in 2007 when he pled guilty and was subsequently sentenced,
 placing his motion significantly outside the one year filing
 window set forth by Rule 61.

 12. Having determined that all of Defendant’s claims are time-
 barred, this Court further finds that Defendant fails to
 demonstrate, pursuant to 61(i)(5), that any of his claims are
 exempt from the procedural bars of 61(i). 15 Specifically,
 Defendant does not articulate any factual basis to survive the
 pleading standards of 61(d)(2) as required by the Rule.16 As a
 result of Defendant’s failure to meet the pleading standards
 referenced in 61(i)(5), this Court finds that Defendant is not
 entitled to relief.

 13. Moreover, “[i]f it plainly appears from the motion for
 postconviction relief and the record of prior proceedings in the
 case that the movant is not entitled to relief, the judge may enter
 an order for its summary dismissal and cause the movant to be

13
 Super Ct. Crim R. 61(d)(2)(i).
14
 See Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than one
year after judgment of conviction is final).
15
 See Super. Ct. Crim R. 61(i)(5) (requiring satisfaction of the pleading requirements in
61(d)(2)(i)-(ii) for review of an otherwise barred claim);
16
 See Super. Ct. Crim. R. 61(i)(5) (referring to 61(d)(2)(i) and (ii) for requisite pleading
standards).

 4
 notified.”17 A movant must support his or her assertions with
 ‘concrete allegations of actual prejudice, or risk summary
 dismissal.’” 18 Sufficiently developed allegations are required in
 support of all grounds for relief, including claims of ineffective
 assistance of counsel. 19 This Court “will not address Rule 61
 claims that are conclusory and unsubstantiated.” 20

 14. Procedural bars aside, it plainly appears from the Motion for
 Postconviction Relief that Defendant’s claims should be
 summarily dismissed. In Defendant’s Motion, he sets forth a
 bare-bones list of broad, conclusory statements with no
 underlying facts or law to support his claims. This Court
 declines to address Defendant’s Rule 61 claim, consistent with
 Rule 61(d)(5). Summary Dismissal is the appropriate
 disposition of Defendant’s Motion for Postconviction Relief.

Therefore, Defendant’s Motion for Postconviction Relief is SUMMARILY
DISMISSED.

 IT IS SO ORDERED.

 ______________________
 Richard R. Cooch, R.J.

cc: Prothonotary
 Investigative Services

17
 Super. Ct. Crim. R. 61(d)(5).
18
 State v. Chambers, 2008 WL 4137988, at *1 (Del. Super. Aug. 25, 2008) (quoting
State v. Childress, 2000 WL 1610766, at *1 (Del. Super. Sept. 19, 2000)).
19
 See, e.g., State v. Robbins, 1996 WL 769219, at *1 (Del. Super. Dec. 18, 1996).
20
 State v. Owens, 2002 WL 234739, at *1 (Del. Super. Jan. 11, 2002).

 5